An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

IN THE SUPREME COURT OF THE STATE OF NEVADA

ERIK A. ENGDAHL,
Appellant,
vs.
ABIGAIL HELEN ENGDAHL,
Respondent.

No. 59545

FILED

FEB 1 5 2013

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY _____
DEPUTY CLERK

## ORDER OF AFFIRMANCE

This is a proper person appeal from a divorce decree. Eighth Judicial District Court, Clark County; Vincent Ochoa, Judge.

The parties were married in 1997, and have two minor children. Respondent filed for divorce in 2008. After a trial on the issues of alimony, child custody, child support, and property division, a divorce decree was entered on September 22, 2011. This appeal followed.

This court reviews a district court's factual determinations deferentially, Ogawa v. Ogawa, 125 Nev. 660, 668, 221 P.3d 699, 704 (2009) (stating that a "district court's factual findings . . . are given deference and will be upheld if not clearly erroneous and if supported by substantial evidence"), and its legal determinations de novo. Clark County v. Sun State Properties, 119 Nev. 329, 334, 72 P.3d 954, 957 (2003). Settlement agreements in divorce cases are in the nature of contract law, and subject to de novo review on appeal. See Mack v. Estate of Mack, 125 Nev. 80, 95, 206 P.3d 98, 108 (2009).

Appellant contends that the February 2, 2011, agreement entered in open court and in the minutes of the district court was an agreement for joint legal and physical custody, and that the district court improperly recharacterized the custodial arrangement in the divorce

13-04967

decree. Because the agreement was not subsequently reduced to writing, we look to the terms of the agreement entered in open court as reflected in the district court minutes. See Grisham v. Grisham, 128 Nev. ___, 289 P.3d 230 (2012) (holding that an oral agreement put on court record is enforceable); see also Grenz v. Grenz, 78 Nev. 394, 399, 374 P.2d 891, 894 (1962) (reviewing an agreement entered into the district court minutes.)

Here, the agreement provided appellant with custodial time on each weekend, except the third weekend per month, from Friday after school through return to school Monday morning. On appellant's noncustodial weekend, appellant would have the children overnight on the following Monday. The agreement also provided that the children would spend weekdays after school with appellant until they could be picked up by respondent after her work day had ended, and that appellant would have the children on days when they were out of school if respondent was working. Thus, the agreement provided appellant with seven to nine overnight stays per month, depending on the number of weekends in a given month, as well as daily time when the children were not in school if respondent was at work. The district court properly reviewed the actual custodial time under Rivero v. Rivero, 125 Nev. 410, 216 P.3d 213 (2009), and found that appellant's actual timeshare consisted of nine overnight visits per month, which is consistent with the agreement. Thus, we conclude that the district court properly determined that respondent was the primary custodian, as she had custody more than 60 percent of the time. Consequently, because we conclude that the district court properly calculated the custodial status of the parties and properly determined the timeshare when setting the child support order, we reject appellant's arguments that the child support order should be reversed.

Appellant also argues that the district court improperly determined that he was willfully unemployed by applying the presumption set forth in Minnear v. Minnear, 107 Nev. 495, 814 P.2d 85 (1991), to the award of alimony. We disagree. As child support was ordered, the district court properly considered appellant's employment status in light of the Minnear presumption in setting the child support obligation. Further, willful unemployment is a factor for the district court to consider in setting alimony. Rosenbaum v. Rosenbaum, 86 Nev. 550, 554, 471 P.2d 254, 256-57 (1970); accord Rodriguez v. Rodriguez, 116 Nev. 993, 998, 13 P.3d 415, 418-19 (2000) (including earning capacity as a factor to consider in awarding alimony). We conclude that the district court properly considered appellant's employment status for purposes of both alimony and child support. Accordingly, we

ORDER the judgment of the district court AFFIRMED.[1]

_____, J.
Hardesty

_____, J.
Parraguirre

_____, J.
Cherry

---

[1]In light of this order, we deny all outstanding requests as moot.

cc: Hon. Vincent Ochoa, District Judge
Erik A. Engdahl
Abigail Helen Engdahl
Eighth District Court Clerk

SUPREME COURT
OF
NEVADA

(O) 1947A

4